UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WELLS FARGO BANK, N.A.,**

    **Plaintiff,**                     **CIVIL ACTION NO. 09-CV-11249**

                                            **DISTRICT JUDGE DAVID M. LAWSON**

vs.

                                            **MAGISTRATE JUDGE MONA K. MAJZOUB**

**MPC INVESTORS, LLC, DOMINIC
MOCERI, GERALD CARNAGO,
FRANCIS V. MOCERI, MARIANO
MOCERI, PETER K. BURTON,
ROBERT M. KATZMAN, LAURENCE
R. GOSS, STEVEN BENTLEY, SALVATORE
J. PALAZZOLO, SEBASTIAN D. PALAZZOLO,
GREGORY A. CARNAGO, and DOMINIC
J. MOCERI,**

    **Defendants,**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Emergency Motion to Continue Hearing on Objections to Garnishment and for Expedited Hearing on Motions to Quash (docket no. 300) be **GRANTED**, and Defendants Gerald and Gregory Carnago's Motions to Quash Subpoenas (docket nos. 297, 298) be **GRANTED IN PART AND DENIED IN PART**.

**II.**     **REPORT**:

These matters come before the Court on the Motions to Quash Subpoenas filed by Defendants Gerald and Gregory Carnago (docket nos. 297, 298), and the Emergency Motion to Continue the Hearing on Defendants' Objections to Garnishment and for Expedited Hearing on the Motions to Quash Subpoenas (docket no. 300) filed by Plaintiff. The motions are fully briefed.

1

These matters have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 301). However, because these are post-judgment matters this Court's jurisdiction is limited to a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson,* 265 F.Supp.2d 788, 789 (E.D. Mich. 2003). The Court heard oral argument on the motions on July 21, 2010. Prior to and during the hearing on the motions, the Plaintiff agreed to modify requests made in its subpoenas and the Defendants agreed to produce certain documents. Following the hearing the parties filed a Joint Statement of Resolved and Unresolved Issues identifying the matters on which they have agreed. (Docket no. 314). The Court is now ready to rule on the motions.

**1. Plaintiff's Emergency Motion to Continue the Hearing on Objections to Garnishment and for Expedited Hearing on Defendants' Motions to Quash.**

The parties were scheduled to appear before this Court on July 12, 2010 for a hearing on Defendant Gerald Carnago's Objections to Garnishment. On July 2, 2010 Defendants Gerald and Gregory Carnago filed Motions to Quash Subpoenas relative to creditor examinations. (Docket nos. 297, 298). In the instant motion, Plaintiff moves for a continuance of the July 12, 2010 hearing on the Objections to Garnishment until after Gerald Carnago's examination is complete. Plaintiff also moves for an expedited hearing on Defendant Gerald and Gregory Carnago's Motions to Quash.

This Court heard oral argument on the Carnago Defendants' Motions to Quash on July 21, 2010. Additionally, the hearing on Gerald Carnago's objections to garnishment was adjourned and will proceed after his creditor's examination is complete. Accordingly, Plaintiff's Emergency Motion to Continue Hearing on Objections to Garnishment and for Expedited Hearing on Defendants' Motions to Quash (docket no. 300) should be granted.

**2. Defendants Gerald and Gregory Carnago's Motions to Quash Subpoena**

The Court entered an Order on June 9, 2010 granting in part Plaintiff's motion to enforce the Court's April 9, 2010 judgment against Defendants. (Docket no. 288). The June 9, 2010 Order granted Plaintiff's request for creditor's examinations, and ordered the examinations to take place on or before July 9, 2010. (Docket no. 288). Additionally, Plaintiff was ordered to serve any necessary subpoenas on or before June 11, 2010. The Carnago Defendants were required to respond to the subpoenas on or before July 2, 2010, but were informed that they could seek relief from the July 2, 2010 deadline if necessary. (Docket no. 288). Consistent with the Order, Plaintiff served subpoenas to counsel for the Carnagos on June 11, 2010. The subpoenas commanded production of documents on or before July 2, 2010.

On July 2, 2010, the date set for production of documents, Defendants Gerald and Gregory Carnago filed the instant Motions to Quash pursuant to Federal Rule of Civil Procedure 45(c)(3). Defendants move for an order excusing compliance with the subpoenas on the grounds that the subpoenas seek documents not in their possession or control, documents related to non-party entities, and privileged material. Defendants also argue that Plaintiff seeks to have documents produced at Plaintiff's convenience, not at the location of the documents.

Plaintiff contends that Defendants' Motions to Quash are untimely because they were filed outside of the 14 day period proscribed under Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. (Docket no. 299). Rule 45(c)(2)(B) governs objections to a subpoena and provides that written objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed.R.Civ.P. 45(c)(2)(B).

Defendants did not serve written objections to the subpoenas. Instead, the instant Motions

3

to Quash were filed pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure. Rule 45(c)(3) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that: ... (iii) requires disclosure of privileged or protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A). The phrase "on timely motion" is not defined under the Federal Rules. This has led some courts to take the 14 day deadline under Rule 45(c)(2)(B) for filing written objections and apply it to Rule 45(c)(3)(A) to also require a 14 day deadline for filing motions to quash. Other courts, however, have recognized that Rule 45(c)(3)(A) does not specify a particular time limitation. These courts have concluded that Rule 45 provides a different time period for serving objections and for filing a motion to quash. Generally, courts which have imposed separate deadlines have found that a motion to quash is timely if made at or before the date specified in the subpoena for compliance. *See, e.g., Flagstar Bank, FSB v. Freestar Bank, N.A.*, No. 09 C 1941, 2009 WL 2706965, at *3 (N.D. Ill. Aug. 25, 2009); *West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 08-CV-80897, 2010 WL 181088, at *2 (D. Del. Jan. 19, 2010).

Defendants filed their Motions to Quash on July 2, 2010, the date set in the subpoenas for the production of documents. The subpoena set July 8-9, 2010 as the dates Defendants were required to appear for testimony. The Court finds that the Motions to Quash are timely and will consider the merits of the motions.

Rule 45(c)(3) requires the Court to quash or modify a subpoena that requires disclosure of privileged or other protected matter, or that subjects a person to undue burden. Defendants have not demonstrated that the subpoenas require them to produce privileged material. Hence, the subpoenas will not be quashed or modified on the basis of privilege. However, Defendants have identified

several requests in the subpoenas which are overly broad and may subject the Defendants to undue burden. Because the parties have demonstrated their willingness to modify the subpoena, the Court recommends that the subpoenas be modified to require production of the following documents:

1. All records since January 1, 2009 of all bank accounts and money market accounts, including, but not limited to, account statements, deposits, checks and wire transfers, of every kind in which you have any ownership or any financially beneficial interest, including checking accounts, savings accounts, trust accounts and certificates of deposit.

2. All records of all real estate you own or in which you reside full-time or part-time.

3. [Gerald Carnago subpoena] All records since January 1, 2004 of the Gerald J. Carnago Trust dated April 25, 1972, as amended, along with initiating and amending documents of the original Trust, and all records since January 1, 2004 of any and all trusts in which you have or claim an actual or potential financial interest, either as trustee or beneficiary or remainderman or otherwise, including irrevocable trusts, totten trusts, trust accounts and land trust.

[Gregory Carnago subpoena] All records since January 1, 2004 of the Gregory A. Carnago Trust dated October 11, 2000, as amended, along with initiating and amending documents of the original Trust, and all records since January 1, 2004 of any and all trusts in which you have or claim an actual or potential financial interest, either as trustee or beneficiary or remainderman or otherwise, including revocable trusts, totten trusts, trust accounts and land trust.

4. Unchanged from original subpoenas.

5. All records of your accounts receivable - i.e., all records with regard to parties who owe you or the other judgment debtors in this action any money, including, but not limited to, any disposition of such accounts receivables. [Pursuant to the Joint Statement, the parties have agreed

5

that Defendants will produce all such records relative to receivables owed to them personally or to their own trusts going back to January 1, 2009 along with documents pertaining to disposition of such accounts receivable going back to January 1, 2009].

6. Unchanged from original subpoenas.

7. All records of personal property you currently own or in which you claim a financial interest in excess of $1,000.

8. All records of any and all other assets of any kind you currently own or in which you claim a financial interest in excess of $1,000.

9. Your Federal Income Tax Returns for 2008 and 2009; and if any extension has been requested and/or granted for 2009, all records of the same. [Pursuant to the Joint Statement, the parties have agreed that Defendants will produce all 2009 tax extension documents and all 2008 tax returns for them and their own trusts upon entry of a protective order to protect the non-party spouse].

10. Unchanged from original subpoenas.

11. Unchanged from original subpoenas.

12. Any and all records pertaining to gifts or other transfers of property in which you held a financial interest in excess of $1,000 to any person in the last six years.

13. Any and all documents pertaining to loans made in the last six years to you or secured by real or personal property owned by you. [Pursuant to the Joint Statement, the parties have agreed that Defendants will each produce the subpoenaed items for any loans made to Gerald Carnago, Gregory Carnago and/or their Trusts].

14. [Gerald Carnago subpoena] Unchanged from original subpoena.

15. [Gerald Carnago subpoena] Unchanged from original subpoena.

16. [Gerald Carnago subpoena] Unchanged from original subpoena.

17. [Gerald Carnago subpoena] Any and all records of the Bank of America Account No. XXXXXXXX8104, including, but not limited to all bank statements and records showing all deposits into the account, since January 1, 2008. [Pursuant to the Joint Statement, the parties have agreed that Defendant Gerald Carnago will produce these documents using January 1, 2009 as the cutoff date].

18. [Gerald Carnago subpoena] Unchanged from original subpoena.

19 [Gerald Carnago Subpoena] and 14 [Gregory Carnago subpoena]. Any and all financial statements given by you or someone on your behalf to any financial institution or brokerage house, since January 1, 2007. [Pursuant to the Joint Statement, the parties have agreed that Defendants each will produce all such statements of Gerald Carnago, Gregory Carnago and/or their Trusts].

20. [Gerald Carnago subpoena] and 15 [Gregory Carnago subpoena]. Unchanged from original subpoenas.

The Court recommends that Defendants be ordered to produce all subpoenaed documents within five days from the date the district court enters an Order adopting this Recommendation, if such Order is entered. Defendant Gerald Carnago should be Ordered to sit for his creditor's examination within seven days after the date set for production of documents at a time and date to be agreed upon by the parties. Defendant Gregory Carnago should be Ordered to sit for his creditor's examination thereafter at a date and time agreeable to the parties, but no later than fourteen days after the date set for production of documents. The Defendants should be informed that the failure to comply with the Court's Order may result in sanctions.

**III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 2, 2010        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: August 2, 2010        s/ Lisa C. Bartlett
                             Case Manager