UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WELLS FARGO BANK, N.A.,**

    **Plaintiff,**

**CIVIL ACTION NO. 09-CV-11249**

**DISTRICT JUDGE DAVID M. LAWSON**

vs.

**MAGISTRATE JUDGE MONA K. MAJZOUB**

**MPC INVESTORS, LLC, DOMINIC MOCERI, GERALD CARNAGO, FRANCIS V. MOCERI, MARIANO MOCERI, PETER K. BURTON, ROBERT M. KATZMAN, LAURENCE R. GOSS, STEVEN BENTLEY, SALVATORE J. PALAZZOLO, SEBASTIAN D. PALAZZOLO, GREGORY A. CARNAGO, and DOMINIC J. MOCERI,**

    **Defendants,**

_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Emergency Motion for Contempt, to Compel, and for Sanctions (docket no. 304) be **GRANTED IN PART AND DENIED IN PART**.

**II.**     **REPORT**:

This matter comes before the Court on Plaintiff's Emergency Motion for Contempt, to Compel, and for Sanctions as to the Carnago Defendants. (Docket no. 304). The motion is fully briefed. This matter has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 307). However, because this is a post-judgment matter this Court's jurisdiction is limited to a Report and Recommendation pursuant to 28 U.S.C.

1

§ 636(b)(1)(B). *United States v. Tyson,* 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003). The Court heard oral argument on the motion on July 21, 2010. The Court is now ready to rule on the motion.

The Court entered an Order on June 9, 2010 granting Plaintiff's motion to enforce the Court's judgment against Defendants. (Docket no. 288). The Order granted Plaintiff's request for document production and creditor's examinations, with documents to be produced by July 2, 2010 and exams to be taken by July 9, 2010. (Docket no. 288). The Order also commanded Gerald Carnago to appear to inventory the contents of his safety deposit box. Specifically, the Order stated that "[o]n or before June 23, 2010, [Gerald Carnago] must open the box in the presence of his attorney and a representative of the plaintiff and thereby inventory the contents of the box." (Docket no. 288).

In compliance with the Order, Plaintiff served subpoenas to counsel for the Carnagos on June 11, 2010 commanding production of documents on or before July 2, 2010, and scheduling examinations of the Carnago Defendants on July 8-9, 2010. On July 2, 2010, Defendants Gerald and Gregory Carnago filed motions to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45(c)(3). On June 22, 2010, Gerald Carnago failed to appear at the inventory of his safety deposit box.

Plaintiff now moves for civil contempt sanctions pursuant to Federal Rule of Civil Procedure 37(b) and Rule 45(e). They also move for an Order compelling the Carnagos to produce all documents subpoenaed immediately, and for Gerald Carnago to sit for his creditor's examination within seven days thereafter at a date and time agreeable to Plaintiff. Finally, Plaintiff requests an Order awarding Plaintiff the reasonable costs, expenses and attorneys fees associated with responding to what it claims were baseless motions to quash.

2

On August 2, 2010 this Court recommended that Defendants' motions to quash be granted in part and denied in part. (Docket no. 319). Specifically, this Court recommended that several requests in Plaintiff's subpoenas be modified based in part on Plaintiff's agreement to narrow the requests. The recommendation also suggested a time line by which Defendants should be required to produce subpoenaed documents and sit for creditor's examinations. (Docket no. 319). As a result, much of the relief requested in the instant Emergency Motion has been addressed by this Court in response to previous motions filed by the parties. Insofar as Plaintiff requests an Order compelling the Carnagos to produce all documents subpoenaed immediately, and for Gerald Carnago to sit for his creditor's examination within a certain time frame, the Court recommends that the requests be denied as such relief was addressed by this Court in its August 2, 2010 recommendation. Furthermore, this Court previously concluded that Defendants' motions to quash were timely filed and warranted relief. Therefore, to the extent Plaintiff now seeks an award of costs and attorneys fees associated with responding to the Defendants' motions to quash, such relief should be denied.

What remains to be resolved in the instant motion is whether Plaintiff is entitled to civil contempt sanctions pursuant to Federal Rule of Civil Procedure 37(b) and Rule 45(e). Rule 45(e) provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." "Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash." *See Bariteau v. Krane,* 206 F.R.D. 129, 131 (W.D. Ky. 2001). Rule 37(b)(2)(A)(vii) permits a finding of contempt for failing to obey a discovery order. Pursuant to Rule 37(b)(2)(C), in addition to or in lieu of other enumerated sanctions, the court must order the disobedient party to pay the

3

reasonable

expenses including attorney's fees caused by their failure. The Court has broad powers to order remedies in contempt proceedings.

There is no dispute that Defendant Gerald Carnago failed to appear at the safety deposit box inventory. When defense counsel was asked to explain his client's absence, no reasonable explanation was provided. The June 9, 2010 Order clearly required Gerald Carnago to be present at the inventory. Mr. Carnago is a licensed attorney, actively practicing law in the State of Michigan. It is evident that he took it upon himself to avoid his obligation to appear at the safety deposit box inventory, and that this advice did not come from his attorney. His absence from the inventory was deliberate and constitutes a flagrant violation of the direct Order of the Court.

The Court recommends that Defendant Gerald Carnago be found in contempt of court pursuant to Rule 37(b). As an appropriate sanction, Defendant Gerald Carnago should be ordered to pay to Plaintiff an award of $1,800 to compensate Plaintiff for costs and expenses incurred in preparing for and inventorying the safety deposit box, and in investigating, preparing and prosecuting this contempt motion. This award is based on an estimated six hours of work by Plaintiff's counsel at $300 per hour. An additional $1,800 should be assessed against Defendant Gerald Carnago to deter future disregard of the Court's authority. Accordingly, the Court recommends that Defendant Gerald Carnago be ordered to pay a total contempt award of $3,600, payable to Plaintiff within five days of the date this Court enters an Order adopting this Recommendation, if such Order is entered.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 9, 2010         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel

5

of record on this date.

Dated: August 9, 2010               s/ Lisa C. Bartlett
                                    Case Manager