UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wells Fargo Bank, NA,

              Plaintiff,           Civil Action No. 09-11249

        vs.                  District Judge David M. Lawson

MPC Investors, LLC, et al,      Magistrate Judge Mona K. Majzoub

            Defendants.
_____/

## REPORT AND RECOMMENDATION

Two related motions are before the Court. The first motion is Defendants Salvatore J. Palazzolo and Sebastian D. Palazzolo's amended motion to quash subpoenas for taking creditor's examinations and entry of satisfaction of judgment. (Dkt. 513.) The second motion is Plaintiff Wells Fargo Bank's motion to compel the Palazzolo Defendants to appear for creditor's examinations and for contempt and sanctions. (Dkt. 553.) The Court has been referred these matters for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 515, 555.) The Court has reviewed the pleadings, dispenses with a hearing, and now issues this report and recommendation.[1]

I.      Recommendation

Because the Palazzolo Defendants have provided no basis from which the Court could deem the judgment against them satisfied and they have not carried their burden to quash the subpoenas and Wells Fargo is entitled to creditor's examinations, the Court recommends denying the Palazzolo

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Defendants' motion, granting Wells Fargo's motion, and awarding $4,000.00 in fees and for contempt to Wells Fargo against the Palazzolo Defendants.

II.     **Report**

      A.     **Background facts**

On April 9, 2010 the court entered judgment for $1,431,666.67, jointly and severally, against the defendants, including Defendants Salvatore J. Palazzolo and Sebastian D. Palazzolo.  (Dkt. 68, Judgment.)  The court entered an amended judgment to include the Palazzolo Defendants' trusts on May 19, 2010.[2]  (Dkt. 192, Am. Judgment.)   On May 3, 2011 the court entered an award of $71,281.97 for attorneys' fees and costs against the same defendants.  (Dkt. 365.)  On May 23, 2011 the court amended its order and increased the award amount to $79,716.97.  (Dkt. 383.)

      B.     **The Palazzolo Defendants' motion**

The Palazzolo Defendants argue that the judgment has been satisfied by the other defendants in the case, through "secret settlements," and that they are discharged from having to pay anything to satisfy the judgment.  They therefore argue that the Court should quash the subpoenas requiring them to appear for a creditor's examination and deem the judgment satisfied as to them.  The Palazzolo Defendants state that, on July 20, 2010, June 24, 2011, and October 14, 2011, Wells Fargo entered into secret settlements with various defendants, leading to various satisfactions of judgment against certain defendants.  (Palazzolo Defs.' Mot. at 3-4; Dkt. 318, 399, 504 (Judgment Satisfaction Orders).)

After the October 14, 2011 satisfaction of judgment order, the Palazzolo Defendants state

_____

[2]The Court uses "Palazzolo Defendants" to refer to the individuals as well as their respective trusts and trust capacities.

that they requested information about the secret settlements from Wells Fargo "so that [they] could determine if anything was due [on the judgment.]" (Palazzolo Defs.' Mot. at 4.)  The Palazzolo Defendants state that Wells Fargo "indicated that it would let [them] know how much was **applied** to the Judgment under the Secret Settlements, but steadfastly refused to provide copies of the Secret Settlements or indicate the other **consideration** in the Secret Settlements." (*Id.* at 5.) (emphasis in motion.)  The Palazzolo Defendants argue that they do not know what other "consideration was provided that was not applied to the Judgment." (*Id.*) (emphasis removed.)  The Palazzolo Defendants then state that Wells Fargo re-noticed their examinations.  (Palazzolo Defs.' Mot. at 5-6.)

The Palazzolo Defendants argue that the judgment should be deemed satisfied as to them. (Palazzolo Defs.' Mot. at 6.)  They argue that the Court should not allow Wells Fargo to collect more than the entire judgment, which they argue Wells Fargo is attempting because it has entered into the secret settlements.  (*Id.*)  The Palazzolo Defendants state that they should not have to take Wells Fargo's word for what is owed.  (*Id.*) They additionally argue that Wells Fargo can show them the secret settlements so that they can determine what they should owe on the judgment.  (*Id.*)  The Palazzolo Defendants finally argue that "this Court should presume that the consideration in the Secret Settlements is equal to or greater than the amount originally due on the judgment."  (*Id*. at 7.)  They  conclude therefore that the Court "should enter a satisfaction of judgment as to the Palazzolo Defendants."  (*Id.*)

The Palazzolo Defendants next request that the Court quash Wells Fargo's notice to take creditor's examinations of them.  (Palazzolo Defs.' Mot. at 7.)  They argue that Wells Fargo unilaterally noticed the examinations.  (*Id.*) The Palazzolo Defendants argue that the examinations

would be an "undue burden" and that the Court should quash the subpoenas pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv).  (*Id*. at 8.)  They alternatively request a protective order.  (*Id.*)

Wells Fargo has filed a response.  (Dkt. 514.)  Wells Fargo states that it has contacted the Palazzolo Defendants and told them that $1,305,051.42 has been collected on the judgment and no amount has been collected on the attorneys' fees award.  (Wells Fargo's Resp. at 1.)  Wells Fargo states that the Palazzolo Defendants have refused to file a motion seeking how much of the judgment the secret settlement satisfied.  (*Id.*)  Wells Fargo argues that the Palazzolo Defendants "improperly seek to accuse Wells Fargo of trying to double-collect, have refused to turn over additional documents about their assets as called for by the subpoenas, and have refused to appear for their re-scheduled creditor's examinations[.]" (*Id.* at 1-2.)  Wells Fargo additionally states that it is just trying to "pursue the remaining amounts on the Judgment and bring closure to this ligation."  (*Id.* at 2.)

Wells Fargo has provided an affidavit stating that the Palazzolo Defendants owe $126,615.25 plus interest, on the judgment, plus $79,716.97 in attorneys' fees.  (Wells Fargo's Resp., Ex. B, Chapman Aff.)

## C.    Wells Fargo's motion to compel

Wells Fargo has filed a separate motion to compel the Palazzolo Defendants to appear for creditor's examinations and for contempt and sanctions.  (Dkt. 553, Wells Fargo's Mot.)  Wells Fargo argues that the Palazzolo Defendants have not provided any basis on which they would be entitled to the secret settlement agreements.  (*Id*. at 1.)  Wells Fargo additionally argues that the Palazzolo Defendants could have filed a motion to seek the information in the settlement agreements, but that they have failed to do so.  (*Id.*)  Wells Fargo states that it cannot violate the

4

confidentiality provisions of the settlement agreements. (*Id.* at 2.) Wells Fargo also argues that the Palazzolo Defendants have failed to carry their burden to demonstrate that the subpoenas requiring them to appear for creditor's examinations would be an "undue burden" under Rule 45(c). (Wells Fargo's Mot. at 2.)

### D.      Analysis

As to the Palazzolo Defendants' request that the Court deem the judgment satisfied as to them, the Court recommends rejecting this request. The Palazzolo Defendants have provided no basis from which the Court could credit their argument. As Wells Fargo points out, the Palazzolo Defendants have not challenged the amount owing on the judgment. They have not sought relief from the Court for any information about the secret settlements. Nor have the Palazzolo Defendants filed a reply to Wells Fargo's response–a response that includes an affidavit of how much is owing on the judgment. Because the Palazzolo Defendants have not provided any basis from which the Court could deem the judgment satisfied as to them, the Court recommends denying the Palazzolo Defendants' request.

The Palazzolo Defendants next request that the Court quash the subpoenas requiring them to appear at creditor's examinations because the subpoenas would cause them an undue burden and expense. (Palazzolo Defs.' Mot. at 7.) Federal Rule of Civil Procedure 45(c) allows a movant to request that a court quash or modify a subpoena if the subpoena causes an "undue burden" on the movant.

> Whether a subpoena subjects a witness to undue burden usually raises a question of the reasonableness of the subpoena. Reasonableness, in turn, is assessed by balancing the interests served by demanding compliance with the subpoena against the interests served further by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information

5

is necessary and whether it is available from any other source.

*Aslani v. Sparrow Health Sys.*, 08-298, 2010 WL 623673, at \*4 (W.D.Mich. Feb. 18, 2010) (Maloney, C.J.) (quotation marks and citations omitted).   The "movant bears the burden of establishing that the issued subpoenas violate Rule 45[.]" *Cleveland Clinic Health System-Easter Region v. Innovative Placements, Inc.*, 11-2074, 2012 WL 187979, at \*2 (N.D.Ohio Jan. 23, 2012) (Gwin, J.) (citation omitted).  But, the movant "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena." *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, 11-10685, 11-11003, 11-11855, 2011 WL 4507417, at \*4 (E.D.Mich. Sept. 29, 2011) (Lawson, J.) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1, p. 507.).

Here, the Palazzolo Defendants have only merely asserted that creditor's examinations would be an undue burden and expense.  They state that "[t]here is no reason for the parties to go through the time and expense of a creditor's exam when there is likely nothing due on the Judgment." (Palazzolo Defs.' Mot. at 8.)  But, because the Court has recommended not finding the judgment satisfied, due to the Palazzolo Defendants' failure to present any basis for such a finding, the Court recommends denying the Palazzolo Defendants' request to quash the subpoenas.

Because the Court has recommending finding no reason to deem the judgment satisfied or quash the subpoena, the Court recommends granting Wells Fargo's motion to compel the Palazzolo Defendants' to appear for creditor's examinations.

As to Wells Fargo's request for contempt and sanctions, the Court recommends granting that request.  Here, the Palazzolo Defendants' motion to deem the judgment satisfied and motion to

quash is devoid of legal merit and argument. They have offered no basis from which the Court could recommend grating relief. Federal Rule of Civil Procedure 37(a)(5)(A) provides for payment of expenses if a motion to compel is granted. Federal Rule of Civil Procedure 45(e) provides that the Court may hold a party in contempt if the party has failed to obey a subpoena "without adequate excuse." Both of these Rules come in to play here. The Palazzolo Defendants have failed to appear at the creditor's examinations, despite having been ordered to (see dkt. 288, Order granting in part and denying in part motion to enforce judgment), and they have failed to provide an adequate excuse as to why they failed to appear. The Court therefore recommends award $4,000.00 to Wells Fargo for having to bring the motion to compel and the Palazzolo Defendants' failure to provide an adequate excuse as to why they did not appear.

        **E.      Conclusion**

        For the above-stated reasons, the Court recommends denying the Palazzolo Defendants' motion and granting Wells Fargo's motion to compel. The Court recommends ordering the Palazzolo Defendants to appear for a creditor's examinations within thirty days of the district court's ruling upon this report and recommendation. The Court further recommends awarding $4,000.00 pursuant to Rules 37 and 45.

**III.    Notice to Parties Regarding Objections**

        The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  March 5, 2012                      s/ Mona K. Majzoub_____
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:  March 5, 2012                      s/ Lisa C. Bartlett____
                                           Case Manager

8