UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK, NA,

        Plaintiff,

v.                                                                                                    Case No. 09-11249
                                                                                                      Honorable David M. Lawson
GERALD CARNAGO, FRANCIS V MOCERI,    Magistrate Judge Mona K. Majzoub
MARIANO MOCERI, PETER K BURTON,
ROBERT M KATZMAN, LAURENCE R GOSS,
STEVEN BENTLEY, SALVATORE J
PALAZZOLO, SEBASTIAN D PALAZZOLO,
GREGORY A CARNAGO, and DOMINIC J.
MOCERI,

        Defendants,

v.

CHARLES SCHWAB AND COMPANY,
INCORPORATED, BANK OF AMERICA, NA,
and PIERCE FENNER MERRILL LYNCH,

        Garnishee defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
OVERRULING PALAZZOLO DEFENDANTS' OBJECTIONS, DENYING
PALAZZOLO'S AMENDED MOTION TO QUASH SUBPOENA, AND GRANTING
PLAINTIFF'S MOTION TO COMPEL AND FOR CONTEMPT AND SANCTIONS**

On April 9, 2010, the Court entered judgment for $1,431,666.67, jointly and severally, against the defendants, including defendants Salvatore J. Palazzolo and Sebastian D. Palazzolo. The Court entered an amended judgment to include the Palazzolo defendants' trusts on May 19, 2010. On May 3, 2011, the Court entered an award of $71,281.97 for attorneys' fees and costs against the same defendants. On May 23, 2011, the Court amended its order and increased the award amount to $79,716.97.

On June 11, 2010, the plaintiff served subpoenas for creditor's examinations on the Palazzolo defendants. On November 2, 2011, the plaintiff sent the Palazzolo defendants a notice of creditor's examination, scheduling the examination for November 18, 2011. On November 17, 2011, the Palazzolo defendants filed a motion to quash the subpoena and for entry of satisfaction of judgment, which the Court denied without prejudice for failure to seek concurrence. The Palazzolo defendants filed an amended motion with a notice of concurrence on November 23, 2011. The Palazzolo defendants' motion was referred to the magistrate judge for a report and recommendation on December 9, 2011. On January 19, 2012, the plaintiff filed a motion to compel the Palazzolo defendants to appear for a creditor's examination and for contempt and sanctions. The motion was referred to the magistrate judge on January 25, 2012.

On March 5, 2012, the magistrate judge filed a report and recommendation, recommending that the Court deny the Palazzolo defendants' motion, grant the plaintiff's motion, and award $4,000 in fees and for contempt to the plaintiff against the Palazzolo defendants. The magistrate judge found that the Palazzolo defendants presented no argument that would justify deeming the judgment satisfied as to them and did not meet their burden of demonstrating that the subpoena for the creditor's examination was unreasonable. The magistrate judge also found that the contempt award was justified because the Palazzolo defendants' motion was without merit, the Palazzolo defendants had failed to obey a subpoena, which permits the Court to hold the defendants in contempt under Federal Rules of Civil Procedure 45(e), and Rule 37(a)(5)(A) authorizes an order for expenses if a motion to compel is granted. The Palazzolo defendants filed timely objections on March 19, 2012, and the plaintiff responded on March 29, 2012. The magistrate judge's report and recommendation is now before the Court for *de novo* review.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The Palazzolo defendants object to the magistrate judge's report and recommendation on five bases, which will be discussed in turn.

A.

The Palazzolo defendants first object that the magistrate judge's report fails to address the preliminary question whether a judgment creditor has discretion to determine the amount outstanding on a judgment without review by the Court. They argue that the motion is a unique one with no applicable case law. The plaintiff responds that the Palazzolos' objection mischaracterizes the motion they filed, as the motion did not seek an analysis of the amounts collected, but instead to quash a subpoena and have the judgment deemed satisfied as to them. The plaintiff also argues that the Palazzolo defendants' statement that no case law applies to their motion is incorrect; instead, a motion to quash a subpoena must be decided with reference to the relevant case law discussing Federal Rule of Civil Procedure 45 and subpoenas.

The Palazzolo defendants' motion requested that the Court quash the subpoena and deem the judgment satisfied as to them. It did not request an accounting of the amount remaining to be collected on the judgment, and the magistrate judge was not required to address the question the Palazzolo defendants advance in their objection. The magistrate judge properly decided the motion with reference to the standards for quashing a subpoena under Federal Rule of Civil Procedure 45(c).

B.

The Palazzolo defendants next object on the grounds that the report and recommendation states that they were required to challenge the amount due on the judgment. They argue that they could not provide an affidavit of the amount due because they do not have the necessary information. The plaintiff responds that the defendants' motion sought to have the judgment deemed satisfied as to them but provided no factual basis for the Court to do so.

The Palazzolo defendants did not submit an affidavit stating the amount owing on the judgment. Although the Palazzolo defendants complain that they do not have the necessary information to file such an affidavit, as the magistrate judge notes, they have also made no attempt to obtain that information. For example, the Palazzolo defendants have not filed a motion seeking information as to the "secret settlements." The Court cannot deem the judgment satisfied as to the Palazzolo defendants in a factual vacuum, and the Court must overrule the objection.

C.

The Palazzolo defendants' third objection is that their motion to quash the subpoena and for entry of satisfaction of judgment was in fact a motion seeking to require that the plaintiff turn over the settlement agreements it entered into with the other defendants. The objection mischaracterizes the Palazzolo defendants' motion. The motion sought to quash the subpoena for a creditor's exam

and to have the judgment deemed satisfied as to them. The motion cannot plausibly be read to request the relief that the Palazzolo defendants now claim it requests. Courts generally will not consider arguments on review that were not raised before the magistrate judge. As the Sixth Circuit has explained in a similar circumstance:

> Petitioner did not raise this [new] claim in his initial . . . motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrate Judges Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds, United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him."). The objection raises arguments not placed before the magistrate judge and must be overruled.

D.

The Palazzolo defendants next object that contempt sanctions are not appropriate because they filed a timely motion to quash the subpoena. However, as the plaintiff correctly observes, the

filing of a motion to quash a subpoena does not insulate a party from sanctions where the motion to quash is frivolous. *See, e.g.*, *American Seeds v. Watson*, No. 10-1012, 2010 WL 3843002, at *1-2 (D. S.D. Sept. 27, 2010). Further, Federal Rule of Civil Procedure 37(a)(5)(A) requires a court to order a party violating discovery rules to pay attorney's fees when that motion is granted. Here, the magistrate judge recommends granting the plaintiff's motion to compel, and therefore, Rule 37(a)(5)(A) is sufficient authority to justify an award of attorney's fees to the plaintiff. The Court also has inherent authority to impose sanctions and award attorney's fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). The objection is without merit and will be overruled.

E.

The Palazzolo defendants' final objection is that there is no basis for the amount of the contempt award recommended by the magistrate judge. The Palazzolo defendants argue that the plaintiff suffered no prejudice as a result of their motion to quash. The plaintiff responds that the Palazzolo defendants have failed to account for the costs incurred in responding to the motion and in filing the motion to compel. The plaintiff observes that the Court previously has approved an hourly fee of $265 for plaintiff's counsel, and that approximately 15 hours of work at that rate would yield a $4,000 award. The Court finds the award is reasonable based on this calculation, and will overrule the Palazzolo defendants' objection.

\* \* \* \* \*

Upon *de novo* review, the Court finds that the magistrate judge correctly assessed the defendants' and the plaintiff's motions, and that the Palazzolo defendants' objections are without merit. Consequently, the Court will adopt the magistrate judge's report and recommendation as its own ruling and overrule the objections.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #569] is **ADOPTED**.

It is further **ORDERED** that the Palazzolo defendants' objections [dkt. #570] are **OVERRULED**.

It is further **ORDERED** that the Palazzolo defendants' amended motion to quash the subpoena and for entry of satisfaction of judgment [dkt. #513] is **DENIED**.

It is further **ORDERED** that the plaintiff's motion to compel [dkt. #553] is **GRANTED**.

It is further **ORDERED** that **on or before April 24, 2012**, the Palazzolo defendants shall pay to the plaintiff the sum of Four Thousand ($4,000) Dollars as a sanction for their contumacious behavior and to compensate the plaintiff for needlessly multiplying the proceedings. The defendants shall file a statement of compliance with the Court.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: April 10, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 10, 2012.

                                      s/Deborah R. Tofil
                                      DEBORAH R. TOFIL